**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                            No. 97-4797

RAUL RIOS ORTIZ,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
William L. Osteen, Sr., District Judge.
(CR-97-45)

Submitted: June 16, 1998

Decided: July 23, 1998

Before MURNAGHAN, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

D. Erik Albright, SMITH, HELMS, MULLISS & MOORE, Greens-
boro, North Carolina, for Appellant. Walter C. Holton, Jr., United
States Attorney, Timika Shafeek, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Raul Rios Ortiz pled guilty to attempting to possess cocaine with intent to distribute, see 21 U.S.C. § 846 (1994), and was sentenced to a term of 46 months imprisonment. He appeals his sentence, contending that the district court clearly erred in finding that he was responsible for three kilograms of cocaine and in finding that he had more than a minor role in the offense. See U.S. Sentencing Guidelines Manual §§ 2D1.1, 3B1.2 (1995). We affirm.

Postal inspectors searched an Express Mail package under a warrant and found 2.9 kilograms of cocaine. The package had been sent to Ortiz's home addressed to Ramon Martinez. It bore a fictitious California return address. The inspectors removed all but 82.9 grams of cocaine, replacing the rest with brown sugar. When a controlled delivery was made, Ortiz signed the receipt as Ramon Martinez and took possession of the package. He then made a phone call, drove off with the package in his car, and was arrested. Among the items seized from his car were two false identification cards bearing Ortiz's picture and the name Bryan Ramos.

Ortiz was charged with attempting to possess three kilograms of cocaine with intent to distribute. At the sentencing hearing, Ortiz testified that his roommate, Javier, was to be paid $500 by Freddie Andaya, a drug dealer, for receiving the package. He said he accepted the package only because Javier was not home when the package arrived. The detective who had interviewed Ortiz testified that Ortiz acknowledged that he had called Andaya from jail, and had also told the detective that deposits into his inmate account probably came from Andaya. The detective also testified that Ortiz's name was found on one page among papers seized from Andaya's residence, together with figures which appeared to be records of money.

Ortiz first challenges the district court's decision to find him responsible, for sentencing purposes, for the whole 2.9 kilograms of cocaine originally contained in the package. Ortiz argues that he did not know how much cocaine was in the package and was also ignorant of the full scope of Andaya's criminal activity. However, Ortiz

2

knowingly involved himself in Andaya's criminal activity. He is thus responsible for whatever amount of cocaine the package contained. See USSG § 1B1.3, comment. (n.2(a)(1)) ("defendant who transports a suitcase knowing that it contains a controlled substance . . . is accountable for the controlled substance in the suitcase regardless of his knowledge or lack of knowledge of the actual type or amount of that controlled substance"). The district court thus did not clearly err in holding Ortiz responsible for the full 2.9 kilograms of cocaine.

Next, Ortiz contests the district court's finding that he was not a minimal or minor participant in the offense, arguing that he was less culpable than Andaya and "at least two other participants" who were involved with shipment of the package. A defendant has the burden of showing, by a preponderance of the evidence, that he is entitled to a mitigating role reduction. See United States v. Reavis, 48 F.3d 763, 768 (4th Cir. 1995). The issue is decided on the basis of relevant conduct, thus making the activities of other participants in a concerted activity pertinent even if the defendant is the only one charged. See USSG § 1B1.3(a)(1)(B); United States v. Fells, 920 F.2d 1179, 1183 (4th Cir. 1990). Here, the court impliedly rejected Ortiz's testimony that his involvement in the conspiracy was limited to the receipt of one package and came about only because Javier was not home when the package was delivered. As Ortiz's testimony was undercut by the fact that he had false identification cards in his car and his name appeared among Andaya's records, we find that the district court did not clearly err in finding that Ortiz had not made the necessary showing.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3